JOHN F. LEMLER AND ELIZABETH G. LEMLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ELDENE A. SMITH AND JUNE R. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lemler v. Commissioner
Docket Nos. 918-77, 935-77.
United States Tax Court
T.C. Memo 1980-507; 1980 Tax Ct. Memo LEXIS 77; 41 T.C.M. (CCH) 364; T.C.M. (RIA) 80507; November 17, 1980, Filed DRENNEN
SUPPLEMENTAL MEMORANDUM OPINION DRENNEN, Judge: By Opinion filed August 13, 1979, this Court determined that the Bellanca demonstration activity of Elhon Corporation, a subchapter S corporation formed and equally owned by Lemler and Smith, was not an activity engaged in for profit and that its losses from that activity were not deductible by John F. Lemler and Eldene A. Smith. Decision was to be entered under Rule 155. Respondent timely submitted Rule 155 computations of the deficiencies in the personal tax liabilities of Lemler and Smith resulting from the Court's Opinion. Petitioners did not submit timely alternative computations and decisions *78 were entered in accordance with respondent's computations on February 22, 1980. Petitioners thereafter moved to vacate the decisions and filed alternative Rule 155 computations, which motions were granted and the decisions were vacated. Subsequently, the parties both filed separate alternative computations, and the Court on several occasions set hearings for argument on the merits of the alternative computations, which were delayed for one reason or another. The Court thereupon directed the parties to get together with their legal and accounting representatives in an effort to resolve their differences and report to the Court the results of their efforts at a hearing in Washington, D.C., on October 29, 1980. On or before October 29, 1980, petitioners and respondent each submitted to the Court a report indicating that they had resolved all differences except one, that being whether amounts paid by petitioners to Elhon as rental for the personal use of the Bellanca aircraft owned by corporation should be included in the income of Elhon [1] or should be considered simply as reimbursement to Elhon for expenses incurred by it in connection with this activity. The parties agreed that *79 should the Court decide this question in favor of petitioners (reimbursement rather than income) the Court should enter decisions in accordance with the amended computations submitted by petitioners; if in favor of respondent (income), then the Court should enter decisions in accordance with respondent's amended computations. Both parties filed written memoranda in support of their positions and respondent presented oral argument. After careful consideration of the pleadings, the evidence offered, the various differing arguments made by the parties from time to time, and the record as a whole, the Court is of the opinion that the amounts paid by petitioners to Elhon for use of the Bellanca aircraft owned by Elhon during the years before us must be included in the income of Elhon. Petitioners formed Elhon and chose that corporation as the entity to conduct their flying-related activity, including the Bellanca demonstrations, their own personal flying, *80 and the flying school. Elhon owned the Bellanca aircraft and claimed all the expenses related thereto on its tax returns for the years involved. It also reported as income all the payments it received from petitioners for use of the planes as well as the rental income it received from others and the income from the flying school activity. In the notices of deficiency issued to petitioners, respondent determined that the Bellanca activity of Elhon was not engaged in for profit and disallowed to petitioners the losses of Elhon incurred therein. The only issue raised by the pleadings on this point was the issue of whether the Bellanca activity of Elhon was an activity engaged in for profit, and the case was tried on that basis. No evidence was offered to prove that the amounts paid by petitioners to Elhon for use of the Bellanca airplanes were intended as reimbursement for expenses incurred by Elhon or that the amounts paid were in any way related to the expenses incurred. Petitioners' testimony was that the hourly fees were paid to help Elhon meet its expenses. There was no argument that the petitioners were entitled to fly the planes free of charge, or that the hourly rates *81 were different than they would have paid to an independent party. The issue now raised by petitioners was not raised in the pleadings or at trial and has not heretofore been argued. It is too late for it to be raised now. Furthermore, petitioners do not point out why, even if the payments were characterized as reimbursements, they should not be included in Elhon's income. We conclude that they should be. While, as it turned out, petitioners might have arranged for their practice flying in a better way taxwise, they undoubtedly had their own reasons for conducting it in corporate form and the tax accounting must follow that form. Decisions will be entered in accordance with respondent's revised computations.
Footnotes
1. If included in Elhon's income, such income would be offset against the sec. 183(b)(1) deductions (interest and taxes) allowable to Elhon under sec. 183(b), thus reducing Elhon's net losses attributable to Lemler and Smith.↩